1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

JONATHAN WENDER,

9                                    Plaintiff,                    C07-197Z

10                                                                  ORDER

11      v.

12      SNOHOMISH COUNTY, et al,

13                                    Defendants.

14

15          THIS MATTER comes before the Court on plaintiff's motions to dismiss certain

16      counterclaims and on plaintiff's motion to add two parties, namely Assistant Chief Charles

17      Peter Caw and former Assistant Chief Michael Mitchell, both of the Mountlake Terrace

18      Police Department.  Having considered all papers filed in support of and in opposition to

19      each motion, the Court hereby ORDERS:

20      (1)    Plaintiff's motion to dismiss defendant Steven Rider's affirmative defense and

21             counterclaim under RCW 4.24.510, docket no. 21, is GRANTED;

22      (2)    Plaintiff's motion to dismiss defendant Steven Rider's counterclaim under

23             RCW 4.24.350, docket no. 20, is DENIED; and

24      (3)    Plaintiff's motion for leave to amend, docket no. 39, is GRANTED.  Plaintiff shall

25             electronically file his amended complaint within twenty (20) days of this Order.

26

ORDER  1–

1  **Background**

2       Pursuant to 42 U.S.C. § 1983, plaintiff Jonathan Wender sues Snohomish County, the

3  Snohomish County Prosecuting Attorney, Snohomish County Deputy Prosecuting Attorney

4  ("DPA") Mark Roe, the City of Mountlake Terrace, the Mountlake Terrace Police

5  Department, the Mountlake Terrace Police Chief, the City of Lynnwood, and Lynnwood

6  Police Commander Steven Rider, in connection with plaintiff's termination from the

7  Mountlake Terrace Police Department, where he worked for 15 years and where he was a

8  sergeant from April 2001 until October 2005.  The underlying facts, as alleged in the various

9  pleadings, are as follows.  On June 9, 2005, while working as a sergeant for the Mountlake

10 Terrace Police Department, plaintiff fielded a call from Natasha Jasper.  Complaint ¶ 3.41

11 (docket no. 1); Answer ¶ 21 (docket no. 15).  Ms. Jasper complained about a marijuana plant

12 she saw outside her estranged husband's house when she went there to collect her daughter

13 after a parental visit.  *Id.*  She indicated that the then pending parenting plan specifically

14 prohibited controlled substances at the residence.  *Id.*  In response, plaintiff contacted Chad

15 Jasper via telephone and, according to plaintiff, advised him to comply with the law.

16 Complaint ¶ 3.43; Answer ¶ 22.  Defendants City of Lynnwood and Commander Rider

17 allege that plaintiff "euphemistically told [Mr. Jasper] to 'rethink his outdoor landscaping,'

18 clearly conveying to Mr. Jasper that he should destroy evidence of his crime by getting rid of

19 the marijuana plant."  Answer ¶ 22.

20      On June 10, 2005, based on additional evidence obtained by Ms. Jasper, members of

21 the South Snohomish County Narcotics Task Force ("Task Force") executed a search warrant

22 of the residence at issue, discovered a "marijuana grow" operation, and arrested Chad Jasper.

23 Complaint ¶¶ 3.45-3.47; Answer ¶¶ 21, 24.  On June 14, 2005, Commander Rider, who led

24 the Task Force, after consulting with Snohomish County DPA John Adcock, prepared a

25 memorandum to Lynnwood Police Chief Jensen and Deputy Chief Ivers, in which he

26 recommended a criminal investigation of the incident.  Complaint ¶¶ 3.48-3.49; Answer ¶¶

ORDER  2–

25-26; <u>see also</u> Exh. A to Miller Decl. (docket no. 27).  Based on procedures that plaintiff asserts were unconstitutional, but which did not directly involve Commander Rider and which are therefore not at issue in these motions, plaintiff's employment with the Mountlake Terrace Police Department was subsequently terminated.

Plaintiff has alleged against Commander Rider two causes of action under 42 U.S.C. § 1983, namely retaliation for the exercise of free speech and deprivation of liberty and property without due process of law.  Complaint ¶¶ 4.1-4.2.  Commander Rider has asserted an affirmative defense and counterclaim pursuant to RCW 4.24.510, as well as a counterclaim pursuant to RCW 4.24.350.  Answer at 6-8 (Fourth Affirmative Defense, Counterclaim ¶¶ 1-2).  Plaintiff now moves to dismiss the affirmative defense and counterclaims on grounds of federal preemption and violation of the First Amendment. Pursuant to Fed. R. Civ. P. 5.1, the Washington State Attorney General was notified of the constitutional challenge, and has declined to intervene.  Letter from Maureen Hart, Solicitor General (docket no. 35).

Plaintiff also moves to add as defendants the current and a former Assistant Chief of the Mountlake Terrace Police Department.  Defendants City of Mountlake Terrace and Police Chief Scott Smith object, but no other defendant has filed a response.

**Discussion**

       **A.**    **Anti-SLAPP Law**

The Washington legislature has observed that strategic lawsuits against public participation (or "SLAPP" suits) are "filed against individuals or organizations on a substantive issue of some public interest or social significance," and "are designed to intimidate the exercise of First Amendment rights."  Laws of 2002, ch. 232, § 1.  To protect advocacy to government, the legislature adopted an anti-SLAPP law, which is codified at RCW 4.24.510.  The statute provides, in part:

> A person who communicates a complaint or information to any branch or
> agency of federal, state, or local government . . . is immune from civil liability

ORDER   3–

> for claims based upon the communication to the agency or organization regarding any matter reasonably of concern to that agency or organization.

RCW 4.24.510.  The anti-SLAPP law further states:

> A person *prevailing upon the defense provided for in this section* is entitled to recover expenses and reasonable attorneys' fees incurred in establishing the defense and in addition shall receive statutory damages of ten thousand dollars.

*Id.* (emphasis added).

Plaintiff asserts that RCW 4.24.510 is preempted by federal law, namely 42 U.S.C. §§ 1983 & 1988.  Commander Rider appears to concede that the anti-SLAPP law is preempted by federal statute to the extent that it seeks to immunize a state actor from liability for violation of constitutional rights.  *See* Rider Response at 4 (docket no. 30).  Commander Rider also appears to withdraw his counterclaim.  *See id.* at 2 ("Commander Rider is not bringing a counterclaim under RCW 4.24.510.").  Commander Rider, however, asserts that RCW 4.24.510 would provide him remedies in addition to those available under § 1988 in the event he prevails against plaintiff's § 1983 claim, primarily $10,000 in statutory damages.  Commander Rider's argument ignores the express language of the anti-SLAPP statute, which requires that a person seeking to recover fees, expenses, and statutory damages prevail "upon the defense provided for in this section."  RCW 4.24.510.  Because the "defense provided for" in RCW 4.24.510 cannot be asserted by a person acting "under color" of state law in subjecting a person to the "deprivation of any rights, privileges, or immunities secured by the Constitution," 42 U.S.C. § 1983, the remedies outlined in the statute are likewise unavailable.  *See Bulletin Displays, LLC v. Regency Outdoor Advertising, Inc.*, 448 F. Supp. 2d 1172, 1180 (C.D. Cal. 2006) (holding that California's anti-SLAPP statute did not "apply to federal question claims in federal court because such application would frustrate substantive federal rights" (citing *In re Bah*, 321 B.R. 41, 46 (9th Cir. 2005))).  The Court therefore grants plaintiff's motion to dismiss the affirmative defense and counterclaim asserted under RCW 4.24.510.

ORDER  4–

**B.** **Malicious Prosecution Statute**

With respect to the constitutionality of RCW 4.24.350, the parties have identified a split of authority, with the Western District of Washington concluding that the statute passes rational basis review, and the Eastern District of Washington declaring that the law unconstitutionally discriminates on the basis of viewpoint. *Bakay v. Yarnes*, 2005 WL 2454168 (W.D. Wash., Bryan, J.); *De La O v. Arnold-Williams*, 2006 WL 2781278 (E.D. Wash., Shea, J.). The parties also discuss a Ninth Circuit case, which held a California penal statute unconstitutional based on impermissible viewpoint discrimination, but the decision is distinguishable and therefore of little assistance. *Chaker v. Crogan*, 428 F.3d 1215 (9th Cir. 2005), *cert. denied*, -- U.S. --, 126 S. Ct. 2023, 164 L. Ed. 2d 780 (2006). *Chaker* concerned a California statute that defined as a misdemeanor the filing of "any allegation of misconduct against any peace officer . . . knowing the allegation to be false." 428 F.3d at 1221 (quoting Cal. Penal Code § 148.6). The Ninth Circuit held that, although California could have outlawed knowingly false speech made in connection with the peace officer complaint process, the State could not prohibit only knowingly false allegations of misconduct, as opposed to knowingly false praise or assertions of valor. *Id.* at 1225-29. *Chaker* is distinguishable on at least two grounds: (i) *Chaker* concerned a substantive criminal code, as opposed to a procedural civil statute; and (ii) *Chaker* involved a proscription on specific types of statements, as opposed to a remedy available to specific types of individuals. Thus, the Court does not view *Chaker* as binding authority for purposes of this case.

Under Washington law, the elements of malicious prosecution are as follows: (1) the defendant instituted or continued an action; (2) probable cause for the action was absent; (3) the proceedings were instituted or continued through malice; (4) the proceedings were terminated on the merits in favor of the plaintiff; (5) the plaintiff suffered injury or damage as a result of the action; (6) an arrest or seizure of property occurred; and (7) the plaintiff suffered special injury of a nature that would not necessarily result from similar actions.

ORDER  5–

1    *Clark v. Baines*, 150 Wn.2d 905, 911-12, 84 P.3d 245, 248-49 (2004); *Gem Trading Co. v.*

2    *Cudahy Corp.*, 92 Wn.2d 956, 603 P.2d 828 (1979) (holding that enactment in 1977 of RCW

3    4.24.350 did not alter the common law elements of malicious prosecution).  In 1984, the

4    Washington legislature amended RCW 4.24.350 to eliminate the arrest or seizure and the

5    special damages elements of malicious prosecution and to allow liquidated damages in the

6    amount of $1,000, as well as reasonable attorney's fees, for actions brought by judicial

7    officers, prosecuting attorneys, and law enforcement officers.[1]  *See* RCW 4.24.350(2).

8           Plaintiff argues that the statute impermissibly discriminates in favor of law

9    enforcement officers, prosecuting attorneys, and judges, relying substantially on Judge

10   Shea's opinion in *De La O*.  The Court does not find the *De La O* decision persuasive.  The

11   *De La O* opinion relies on the faulty premise that "civil lawsuits are a form of expression."

12   2006 WL 2781278 at *3.  The Supreme Court, however, has consistently held that baseless

13   litigation, motivated by an unlawful purpose, falls outside the First Amendment's

14   protections.  *BE&K Constr. Co. v. NLRB*, 536 U.S. 516, 531 (2002); *Bill Johnson's*

15   *Restaurants, Inc. v. NLRB*, 461 U.S. 731, 743 (1983) ("Just as false statements are not

16   immunized by the First Amendment right to freedom of speech, . . . baseless litigation is not

17   immunized by the First Amendment right to petition." (citations omitted)).  In evaluating the

18   constitutionality of RCW 4.24.350(2), the applicable provision of the First Amendment is the

19   right to petition clause, as opposed to the freedom of speech clause.  Jurisprudence regarding

20   freedom of expression indicates that the government may proscribe certain types of content,

21   *e.g.*, fighting words, defamation, obscenity, but it may not prohibit such unprotected content

22   based on the view taken.  *See R.A.V. v. City of St. Paul*, 505 U.S. 377, 383-85 (1992).  In

23   other words, the government may proscribe libel, but it may not censor "*only* libel critical of

24   _____

25   [1] The suit must also arise out of "the performance or purported performance of the public
     duty of such officer."  RCW 4.24.350(2).  The parties do not appear to dispute that

26   Commander Rider's counterclaim for malicious prosecution relates to actions he took while
     performing his official duties.

ORDER  6–

1  the government." <u>Id.</u> at 384 (emphasis in original).  As Commander Rider aptly observes,

2  however, RCW 4.24.350 does not proscribe speech, but rather the act of maliciously filing a

3  frivolous lawsuit.  The First Amendment provides no immunity from liability for bringing

4  baseless claims.  <u>See</u> <u>McDonald v. Smith</u>, 472 U.S. 479, 485 (1985) ("The right to petition is

5  guaranteed; the right to commit libel with impunity is not.").  Moreover, RCW 4.24.350 does

6  not target a particular viewpoint; an action can be meritless and motivated by malice

7  regardless of whether it criticizes or applauds the person sued.

8         Judge Bryan's opinion in <u>Bakay</u> contains analysis more consistent with the relevant

9  authorities.  Judge Bryan began with the observation that a person has no fundamental right

10 to bring an action that is "objectively baseless and subjectively motivated by an unlawful

11 purpose."  2005 WL 2454168 at *6.  Judge Bryan further noted that police officers,

12 prosecutors, and judges are not a suspect classification.  <u>Id.</u> at *7.  Judge Bryan therefore

13 concluded that the constitutional challenge to RCW 4.24.350 should be evaluated under

14 rational basis review,[2] and he found that the special treatment afforded under the statute to

15 judges, prosecutors, and police officers bore a rational relationship to their unique role in our

16

17

18

19

20

21

22

23

---

24 [2] The Court does not agree with plaintiff that Judge Bryan applied rational basis review to
   only an equal protection challenge.  Judge Bryan described the plaintiff in <u>Bakay</u> as alleging

25 that RCW 4.24.350(2) has a "chilling effect on free speech." 2005 WL 2454168 at *4.  Judge
   Bryan, however, rejected the notion that a fundamental right of expression was implicated,

26 and therefore used rational basis review, rather than strict scrutiny, to assess the First
   Amendment claim.  <u>Id.</u> at *6.

ORDER  7–

1  society.[3]  _Id._ at *6-*8.  The Court adopts this logic and likewise rejects the constitutional

2  attack on RCW 4.24.350.[4]

3       Plaintiff also contends that RCW 4.24.350 is preempted by 42 U.S.C. § 1983.  Under

4  42 U.S.C. § 1988, the party prevailing in an action brought under 42 U.S.C. § 1983 may

5  recover reasonable attorney's fees; however, if the defendant prevails, the defendant may be

6  awarded such fees only if the plaintiff's action was "frivolous, unreasonable, or without

7  foundation."  _Tutor-Saliba Corp. v. City of Hailey_, 452 F.3d 1055, 1060 (9th Cir. 2006).

8  Subjective bad faith on the part of the plaintiff is not a prerequisite to a defendant's award of

9  fees under §§ 1983 and 1988.  _Price v. Hawaii_, 789 F. Supp. 330, 334 (D. Haw. 1992).

10  Plaintiff asserts that § 1988 precludes any additional damages under a state statute, citing

11  _Haynes v. City of Gunnison_, 214 F. Supp. 2d 1119 (D. Colo. 2002).  _Haynes_, however, does

12  not support plaintiff's position.  In _Haynes_, the defendants sought attorney's fees under a

13  Colorado statute that applied only to claims made pursuant to state law.  _Id._ at 1120.  The

14  Court in _Haynes_ concluded that the fees requested were for overlapping work done on both

15  state claims and § 1983 claims, that defendants did not meet the standards of § 1988, and

16

17   

18  [3] In addition, judges, prosecutors, and police officers, as a class, are generally unable to
demonstrate arrest or seizure in connection with frivolous claims, and therefore, the different
standard of RCW 4.24.350(2) bears a rational relationship to a legitimate governmental

19  purpose, namely making possible claims or counterclaims of malicious prosecution for such
class of individuals.  _See_ Laws of 1984, ch. 133, § 1 ("The legislature finds that a growing

20  number of unfounded lawsuits, claims, and liens are filed against law enforcement officers,
prosecuting authorities, and judges, and against their property, having the purpose and effect

21  of deterring those officers in the exercise of their discretion and inhibiting the performance
of their public duties.").

22

23  [4] Magistrate Judge Arnold has also concluded that RCW 4.24.350 "does not concern itself

24  with the content" of the malicious action, and it therefore passes constitutional muster.  Order
at 3-4 (docket no. 53), _Johnson v. City of Sequim_, Case No. C00-5354-JKA (W.D. Wash.

25  Mar. 12, 2001), _aff'd in part and rev'd in part on other grounds sub nom. Johnson v. Hawe_,
388 F.3d 676 (9th Cir. 2004), _cert. denied_, 544 U.S. 1048 (2005).  The Court notes that

26  counsel for plaintiff in this matter was also involved in the case before Magistrate Judge
Arnold, but did not alert the Court to the prior opinion on the merits.

ORDER   8–

1   that defendants therefore failed to show entitlement to an award of fees.  *Id.* at 1121-23.  The

2   *Haynes* Court did not conclude that the state statute was in any respect preempted by federal

3   law.

4         Contrary to plaintiff's contention, RCW 4.24.350 is not inconsistent or in conflict

5   with § 1983 or § 1988.  Section 1988 contemplates an award of fees to a defendant against a

6   § 1983 plaintiff who has brought a frivolous claim.  RCW 4.24.350 requires a much higher

7   showing, namely malice.  As recognized by the Supreme Court in *Christiansburg Garment*

8   *Co. v. EEOC*, 434 U.S. 412 (1978), the legislative intent underlying § 1988 was to permit a

9   defendant to recover attorney's fees even when the plaintiff was not motivated by bad faith.

10  *Id.* at 419.  If Congress had meant otherwise, no statutory provision would have been

11  required because "under the American common-law rule attorney's fees may be awarded

12  against a party who has proceeded in bad faith."  *Id.*  Thus, in allowing liquidated damages,

13  as well as attorney's fees, for suits based on malice and defended on the merits, RCW

14  4.24.350 is not contrary to, but rather consonant with, the purposes of § 1988.  The Court

15  therefore denies plaintiff's motion to dismiss the counterclaim asserted under RCW

16  4.24.350.

17        **C.**   **Motion to Amend Complaint**

18        Plaintiff seeks to add as defendants both the current and former Assistant Chiefs of

19  the Mountlake Terrace Police Department.  Defendants City of Mountlake Terrace and

20  Police Chief Scott Smith object on grounds of futility and prejudice.  Defendants assert that

21  the current and former Assistant Chiefs had no authority to terminate plaintiff's employment

22  or place plaintiff on administrative leave, and that both individuals had a right to free

23  expression concerning their views of plaintiff's conduct.  Plaintiff counters that authority to

24  terminate is not a prerequisite to liability under § 1983, and that the current and former

25  Assistant Chiefs had supervisory control over plaintiff.  The futility argument prematurely

26  seeks adjudication on the merits of plaintiff's claim, and the Court declines to rule at this

ORDER  9–

1   time on whether plaintiff has a viable claim against either the current or the former Assistant

2   Chief.  As to the issue of prejudice, defendants point to the delay of eight months in adding

3   the current and former Assistant Chiefs, but they do not assert unnecessary expense from

4   depositions or other discovery now rendered useless or the like, the loss of witnesses, or

5   other indicia of prejudice.  Therefore, the Court grants plaintiff's motion for leave to amend.

6   Fed. R. Civ. P. 15(a) ("leave [to amend] shall be freely given when justice so requires").

7   The amended complaint shall be electronically filed within twenty (20) days of this Order.

8          IT IS SO ORDERED.

9          DATED this 24th day of October, 2007.

10

11

12          Thomas S. Zilly
            United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER   10–