1

HON. THOMAS S. ZILLY

2

3

4

5

6

7
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
8
AT SEATTLE

9
JONATHAN WENDER,

10
                              Plaintiff,

11
        v.

12
SNOHOMISH COUNTY, et al.,

13
                              Defendants.

NO. CV07-0197Z

STIPULATION PROTECTING
CONFIDENTIALITY OF DOCUMENTS
AND INFORMATION AND [PROPOSED]
ORDER THEREON

14        Pursuant to Fed.R.Civ.Pro. 26(c), the parties, by and through their respective counsel of

15  record, hereby stipulate that the following provisions shall apply to all discovery in this

16  litigation.

17        1.        The Complaint of Plaintiff involves Plaintiff's claims of retaliation for engaging in

18  free speech activities protected by the first amendment to the United States Constitution and

19  violation of his rights to due process of law in connection with Plaintiff's employment at

20  Mountlake Terrace Police Department and with his subjection to the so-called Brady policy at

21  Snohomish County.  Defendants deny these claims.

22        2.        It is necessary for Plaintiff to provide through discovery in this lawsuit

23  confidential financial information and confidential medical records, all of which are entitled to

24  protection against improper disclosure to the general public.  It is also necessary for defendants

25  to produce confidential personnel files and disciplinary records of comparators, managers,

26  supervisors and other employees of defendants, some of whom are not parties to this action,

27

STIPULATION PROTECTING CONFIDENTIALITY OF
DOCUMENTS AND INFORMATION AND [PROPOSED] ORDER
THEREON (CV7-0197Z)- 1

MacDONALD HOAGUE & BAYLESS
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1745
(206) 622-1604
FAX:  (206) 343-3961

1  which, if disclosed to the public, may affect the privacy interests of those employees, and/or may

2  cause embarrassment.  Further, it will be necessary for defendants to produce confidential non-

3  conviction data under RCW 10.97,  and 'Brady' or 'potential impeachment disclosure' files and related

4  records regarding specific officers.

5      3.    This Stipulation, when and as approved by the court, is intended to govern all

6  productions of confidential information and documents pertaining to this litigation.

7      4.    The following definitions shall apply to this Stipulation and Order:

8      4.1    'Party' or 'parties' shall mean and refer to any party, Plaintiff or Defendants,

9  in the above-captioned matter signatory to this Stipulation including counsel of record for

10  any party signatory to this Stipulation;

11      4.2    'Confidential Information' shall mean and refer to the Plaintiff's medical and

12  psychological records and information, and personal financial information and records, including

13  bank account numbers and social security numbers.  It shall also refer to confidential personnel

14  or disciplinary records and information, of the individual defendants and other employees of the

15  agency defendants. It also refers to 'Brady' or 'potential impeachment disclosure' records and

16  information regarding specific officers.  It also refers to information a party in good faith

17  designates as 'Confidential' as set forth below.  Upon good cause shown and/or a compelling

18  reason, the Court may determine that certain information the parties designate as 'Confidential'

19  shall be redacted or filed under seal, as set forth below.

20      4.3    'Qualified persons' shall mean and refer to:

21      (a)    The Court and Court personnel, including stenographic reporters

22  engaged in such proceedings as are necessarily incident to the preparation for trial and/or trial of

23  this action;

24      (b)    Counsel of record for any party signatory to this Stipulation,

25  including all partners and associate attorneys of that counsel's law firm;

26

27

STIPULATION PROTECTING CONFIDENTIALITY OF
DOCUMENTS AND INFORMATION AND [PROPOSED] ORDER
THEREON (CV7-0197Z)- 2

MacDONALD HOAGUE & BAYLESS
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1745
(206) 622-1604
FAX:  (206) 343-3961

(c)    Employees, paralegal assistants, stenographic and clerical employees of counsel for the parties signatory to this Stipulation only when operating under the direct supervision of counsel;

(d)    Plaintiff Jonathan Wender;

(e)    Defendants, and all managing agents and employees of the agency Defendants, who become involved in this litigation at the request of counsel of record and whose review of protected documents is specifically controlled by counsel;

(f)    Potential witnesses who become involved in this litigation at the request of counsel of record and whose review of protected documents is specifically controlled by counsel;

(g)    Experts or consultants employed by counsel of record for the purpose of assisting in these proceedings, preparation for trial and/or trial of this action;

(h)    Claims examiners of the Defendant's insurance company or pool.

5.    Any party to this action may proffer into evidence any Confidential Information at time of trial or by motion or otherwise and such Confidential Information may be introduced or shown to jurors and witnesses at the time of trial or on motion of any party, subject to normal evidentiary objections.  In the event that any material designated as Confidential is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such confidential material shall maintain its confidentiality during such use, subject to the Court's guidance.

6.    All documents, information and things deemed to contain Confidential Information under Paragraph 4.2 above shall be brought within the protection of this Stipulation and Order by placing in a conspicuous place on any such documents, or on the first page or cover sheet of a set of documents, the word "Confidential." Any such Confidential Information and documents shall be kept confidential and shall not be disclosed, used or copied except as set forth hereafter and in connection with preparation for the proceedings in the above-captioned

STIPULATION PROTECTING CONFIDENTIALITY OF
DOCUMENTS AND INFORMATION AND [PROPOSED] ORDER
THEREON (CV7-0197Z)- 3

MacDONALD HOAGUE & BAYLESS
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1745
(206) 622-1604
FAX:  (206) 343-3961

1  matter and shall not be used for any other purpose.  The term "documents" shall be defined to

2  include all written, photographic, or electronic media, including computer print-outs and

3  computer storage devices such as floppy disks, extracts, summaries, attachments, and answers to

4  requests for production.

5         7.    Any deposition testimony deemed to contain Confidential Information shall be

6  brought within the protection of this Stipulation and Order by orally designating on the

7  deposition record the protected portion or portions or, within ten (10) business days of receipt of

8  the transcript, by designating such portions by page and line number.

9         8.    The designating party shall have the burden of proof regarding the confidential

10  nature of designated documents and/or information.

11         9.    The parties shall resolve any disputes concerning the designation of any

12  documents as "Confidential" as follows:  the non-designating party shall challenge any designation

13  of confidentiality by notifying the designating party in writing, specifically identifying the

14  challenged item(s) as well as the basis for the challenge.  If the parties cannot resolve the

15  challenge after engaging in good-faith discussions, the designating party shall seek an order of

16  the Court with respect to the challenged information, documents, or things designated as

17  "Confidential." Both Plaintiff and Defendants will treat all materials or information designated as

18  "Confidential" in accordance with the requirements of this Order for a reasonable period after

19  notice of a challenge to confidentiality and during the pendency of related motions.  The parties

20  further agree that before seeking any relief from the Court under this paragraph, they will make a

21  good faith effort to resolve any disputes concerning the confidential treatment of any

22  information.

23        **10.**    **Except as provided for herein, confidential documents and confidential**

24  **information contained therein, shall not be communicated or disclosed in any manner,**

25  **either directly or indirectly, to any person or entity.**

26

27

STIPULATION PROTECTING CONFIDENTIALITY OF
DOCUMENTS AND INFORMATION AND [PROPOSED] ORDER
THEREON (CV7-0197Z)- 4

MacDONALD HOAGUE & BAYLESS
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1745
(206) 622-1604
FAX:  (206) 343-3961

11.    Disclosure of confidential information and confidential documents may be made only to "qualified persons," as defined above, with the following additional limitations:

11.1    Expert witnesses and consultants retained by Plaintiff or Defendants must affirmatively agree to the terms and conditions of this Protective Order prior to review of any such documents, and execute a Statement of Confidentiality, identical to Exhibit A.  Counsel shall retain such statements and make them available to other counsel signatory to this Stipulation upon request, if a violation of the Order is reasonably believe to have occurred.

11.2    Agency Defendants and other representatives of Defendants may review confidential documents provided by the Plaintiff only as needed for the defense of Plaintiff's claims after executing a Statement of Confidentiality, identical to Exhibit A.  Counsel for the Defendants shall retain such statements and make them available to other counsel signatory to this Stipulation upon request, if a violation of the Order is reasonably believe to have occurred.

11.3    Potential witnesses may review confidential documents only as needed for litigation of this case and under the supervision of counsel after executing a Statement of Confidentiality, identical to Exhibit A.  Counsel shall retain such statements and make them available to other counsel signatory to this Stipulation upon request, if a violation of the Order is reasonably believed to have occurred.

12.    When documents, briefs or memoranda containing Confidential Information are filed with the Court, the same shall be done in accordance with Local Rule CR 5(g)(1) and the U.S. District Court's CM/ECF procedures for the filing of sealed documents.  For confidential documents filed by hard copy, and which the Court has determined should be sealed for "good cause" shown (non-dispositive motions) or a "compelling reason" (dispositive motions), such documents shall be placed in sealed envelopes or other appropriately sealed containers on which shall be endorsed:

12.1    The words "SEALED CONFIDENTIAL";

12.2    The title of the action to which the contents pertain;

STIPULATION PROTECTING CONFIDENTIALITY OF
DOCUMENTS AND INFORMATION AND [PROPOSED] ORDER
THEREON (CV7-0197Z)- 5

MacDONALD HOAGUE & BAYLESS
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1745
(206) 622-1604
FAX:  (206) 343-3961

12.3    An indication of the nature of the contents; and

12.4    A statement substantially in the following form:

"This envelope [or container] is filed pursuant to court order and protective order by [name of party] and contains confidential information.  It is not to be opened or the contents thereof to be displayed or revealed except to the Court and to counsel of record signatory to the Stipulated Protective Order.  The contents shall not be displayed or revealed to third parties except by Court order or by written agreement of all the parties."

The envelope or container shall not be opened, except as set forth above.  The envelope shall then be returned to the Clerk of the Court, appropriately sealed, and endorsed as provided above.

13.    In all court filings and use of exhibits, all parties shall comply with 'the Privacy Concerns' set forth in the U.S. District Court's CM/ECF Civil and Criminal Procedures and redact documents as necessary.  In summary:

- Minors' names:  Use only the minors' initials.

- Financial account numbers:  Identify the name or type of account and the financial institution where maintained, but use only the last four digits of the account number.

- Social Security numbers:  Use only the last four digits.

- Dates of birth:  Use only the year.

14.    Miscellaneous.

14.1    The information protected by this Protective Order is the substance of the Confidential Information, no matter what form the information is in and no matter how the information might be communicated.  The parties do not intend to in any way waive the assertion of confidentiality and hereby expressly reserve their rights to assert and preserve the confidentiality of any information disclosed in this Proceeding that is not designated as Confidential Information pursuant to this Protective Order.

14.2    Recipients of Confidential Information pursuant to this Protective Order shall exercise reasonable and appropriate care with regard to such Confidential Information to ensure that the confidential nature of the same is maintained.

STIPULATION PROTECTING CONFIDENTIALITY OF
DOCUMENTS AND INFORMATION AND [PROPOSED] ORDER
THEREON (CV7-0197Z)- 6

MacDONALD HOAGUE & BAYLESS
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1745
(206) 622-1604
FAX:  (206) 343-3961

14.3    In the event any person in receipt of Confidential Information shall receive a subpoena, or court order, seeking disclosure of another party's Confidential Information, such person shall immediately upon receipt of such subpoena or court order notify counsel for the designating party that produced the Confidential Information of same and shall provide a copy of same if applicable.  Except in the case of an order requiring immediate production of the requested information, no party shall disclose another party's Confidential Information without giving the other party an opportunity to seek from this Court an order governing disclosure of the requested information.  Nothing herein shall be construed to require any recipient of information subject to this Order to refuse to comply with a lawfully issued subpoena, with any order of any Court, or with the command of any law enforcement agency.

14.4    If Confidential Information is disclosed to any person other than in the manner authorized by this Protective Order, the person responsible for the disclosure shall immediately bring all the pertinent facts relating to such disclosure to the attention of counsel for all parties, without prejudice to the rights and remedies of any party, and shall make every effort to prevent further disclosure by it or by the person who received such Confidential Information.

14.5    This Protective Order is made to facilitate discovery and the production of discoverable evidence in this action.  Neither the entry of this Protective Order, the designation of any information as Confidential Information under the Order, the failure to make such designation, or the failure to object to such designation by any party shall constitute evidence with respect to any issue in this litigation.  This Protective Order shall not abrogate or diminish any contractual, statutory or other legal right or obligation any party may have with respect to information disclosed in this matter.

14.6    Any party or person who knowingly violates this Protective Order may be held in contempt of this Court.  The Court and parties preserve the right to order or seek an award of such other relief as is appropriate for such disclosure.

STIPULATION PROTECTING CONFIDENTIALITY OF
DOCUMENTS AND INFORMATION AND [PROPOSED] ORDER
THEREON (CV7-0197Z)- 7

MacDONALD HOAGUE & BAYLESS
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1745
(206) 622-1604
FAX:  (206) 343-3961

15.    No later than sixty (60) days following the conclusion of these proceedings, Plaintiff and Defendants agree to destroy or return all Confidential Information, documents, and things and all copies of same to the counsel producing such information and documents, at the election of, and expense of, the possessing party.  To the extent that the information is embodied in and is inseparable from attorney work product, the recipient party may destroy the document or maintain confidentiality of such material in perpetuity. "Conclusion of these proceedings" refers to the exhaustion of available appeals, or the running of time for taking such appeals, or by settlement and dismissal with prejudice of all claims, as provided by applicable law.  In the event that settlement is reached with fewer than all parties, the settling defendant(s) will destroy or return all Confidential Information, documents and things of all other parties within sixty (60) days of that settlement agreement.  All other parties shall destroy or return all Confidential Information, documents and things within sixty (60) days of the conclusion of the entire proceedings.

16.    The provisions of this Order shall not affect the admissibility of evidence at trial, summary judgment, or any preliminary evidentiary proceedings in open court.

17.    The provisions of this Protective Order may be modified by the Court on its own motion after notice to the parties and an opportunity to be heard.

18.    At this time, the Court specifically finds good cause and compelling reason to require the following information and documents protected from public disclosure, as follows:

(a)    The Plaintiff's medical or psychological information and medical or psychological records shall be filed under seal.

(b)    All of Plaintiff's financial records shall be filed under seal.

(c)    Confidential documents from employees' personnel or disciplinary files shall be filed under seal.

STIPULATION PROTECTING CONFIDENTIALITY OF
DOCUMENTS AND INFORMATION AND [PROPOSED] ORDER
THEREON (CV7-0197Z)- 8

MacDONALD HOAGUE & BAYLESS
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1745
(206) 622-1604
FAX:  (206) 343-3961

1               (d)     Confidential documents constituting non-conviction data under

2    RCW 10.97, and documents from "Brady" or "potential impeachment disclosure" files and related

3    documents that mention specific officers shall be filed under seal.

4         JOINTLY SUBMITTED this 23rd day of October, 2007.

5    MacDONALD HOAGUE & BAYLESS     CHRISTIE LAW GROUP, PLLC

6

7    By    */s/ Joseph R. Shaeffer*       By:   */s/ Thomas Miller (via e-mail approval)*
     Andrea Brenneke, WSBA #22027        Robert L. Christie, WSBA #10895

8         Timothy K. Ford, WSBA #5986         Thomas Miller, WSBA # 34473
     Joseph R. Shaeffer, WSBA #33273     Attorneys for Defendants City of
     Attorneys for Plaintiff                Lynnwood and Steven Rider

9

10   SNOHOMISH COUNTY PROSECUTING    STAFFORD FREY COOPER
    ATTORNEY–CIVIL DIVISION

11

12   By    */s/ Charlotte Comer (via e-mail approval)*  By:   */s/ Michael C. Bolasina (via e-mail approval)*
     Michael Held, WSBA #19696          Michael C. Bolasina, WSBA #19324

13        Charlotte F. Comer, WSBA #36805    Attorneys for Mountlake Terrace,
     Attorneys for Snohomish County,      Mountlake Terrace Police Dept. and
     Janice Ellis, and Mark Roe           Scott Smith

14

15

16

17

18

19

20

21

22

23

24

25

26

27

STIPULATION PROTECTING CONFIDENTIALITY OF
DOCUMENTS AND INFORMATION AND [PROPOSED] ORDER
THEREON (CV7-0197Z)- 9

MacDONALD HOAGUE & BAYLESS
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1745
(206) 622-1604
FAX: (206) 343-3961

1

## ORDER

IT IS SO ORDERED this <u>24th</u> day of October, 2007.


         <u>s/ Thomas S. Zilly</u>
         HON. THOMAS S. ZILLY
         UNITED STATES DISTRICT JUDGE

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

STIPULATION PROTECTING CONFIDENTIALITY OF
DOCUMENTS AND INFORMATION AND [PROPOSED] ORDER
THEREON (CV7-0197Z)- 10

MacDONALD HOAGUE & BAYLESS
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1745
(206) 622-1604
FAX:  (206) 343-3961

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

# EXHIBIT A

## STATEMENT OF CONFIDENTIALITY

The undersigned acknowledges receipt of the attached STIPULATION PROTECTING CONFIDENTIALITY OF DOCUMENTS AND INFORMATION AND ORDER THEREON and that he/she has read and understands and agrees to be bound thereby.

Signed this _____ day of _____, 200__.


_____
Signature


_____
Print Name

STIPULATION PROTECTING CONFIDENTIALITY OF
DOCUMENTS AND INFORMATION AND [PROPOSED] ORDER
THEREON (CV7-0197Z)- 11

MacDONALD HOAGUE & BAYLESS
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1745
(206) 622-1604
FAX: (206) 343-3961

1

2

## CERTIFICATE OF SERVICE

3

  I hereby certify that on October 24, 2007, I electronically filed the foregoing to the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

4

5

- **Michael Charles Bolasina**
  mbolasina@staffordfrey.com,nskretta@staffordfrey.com

6

- **Robert Leslie Christie**
  bob@christielawgroup.com,jason@christielawgroup.com,tom@christielawgroup.com,robertchristie@mac.com,maureen@christielawgroup.com

7

8

- **Charlotte F Comer**
  ccomer@co.snohomish.wa.us,gbennett@co.snohomish.wa.us

9

- **Michael C Held**
  mheld@co.snohomish.wa.us,pfowler@co.snohomish.wa.us

10

- **Gregory G. Schrag**
  schragaty@aol.com

11

12

By    */s/ Joseph R. Shaeffer*
  Andrea Brenneke, WSBA #22027
  andreab@mhb.com

13

  Timothy K. Ford, WSBA #5986
  timf@mhb.com

14

  Joseph R. Shaeffer, WSBA #33273
  josephs@mhb.com 705 Second Avenue,

15

  Suite 1500
  Seattle, WA  98104-1745

16

  Phone:  206-622-1604
  Fax:  206-343-3961

17

  Attorneys for Plaintiff

18

19

20

21

22

23

24

25

26

STIPULATION PROTECTING CONFIDENTIALITY OF
DOCUMENTS AND INFORMATION AND [PROPOSED] ORDER
THEREON (CV7-0197Z)- 12

MacDONALD HOAGUE & BAYLESS
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1745
(206) 622-1604
FAX:  (206) 343-3961